IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>TANG (JANNY) NGUYEN,<br><br>      Defendant. | 4:12-CR-3059<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report ("RPSR") in this case. The defendant has filed an objection (filing 218) to the RPSR which will be discussed in more detail below.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a)  give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

  (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant takes issue with several statements in ¶¶ 28-42 of the RPSR describing the offense conduct. Filing 218 at 1-2. The Court notes that those paragraphs were submitted by the United States Attorney. RSPR at ¶ 28. The Court will make its own evaluation of the offense conduct based upon the evidence adduced at trial, duly considering the arguments of counsel for each party as to what that evidence shows.

3.     The defendant objects to the RPSR's determination of the defendant's base offense level. Filing 218 at 2-3. The RPSR states that the State of Nebraska and the United States lost $15,267.35 in tax revenue based on over 88,300 untaxed cigarettes imported by the defendant and the other defendants charged in the indictment. RPSR at ¶¶ 43, 47, and 52. This, under U.S.S.G. §§ 2E4.1(a) and 2T4.1, results in a base offense level of 12. The defendant objects to being held responsible for the entire amount. Filing 218 at 3.

    The Guidelines explain that "relevant conduct," for purposes of determining offense conduct, include the defendant's acts and "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1). But here, conspiracy was charged—and the defendant was acquitted. The Court likewise sees little evidence that the defendant jointly undertook criminal activity, and little evidence that to the extent that the defendant might have acted jointly with others, she was part of the joint undertaking to the point that the entire scope of the criminal activity was "reasonably foreseeable" to her.

    The application notes for § 1B1.3(a)(1) include two illustrations that are particularly helpful.

> Defendant O knows about her boyfriend's ongoing drug-trafficking activity, but agrees to participate on only one

> occasion by making a delivery for him at his request when he was ill. Defendant O is accountable under subsection (a)(1)(A) for the drug quantity involved on that one occasion. Defendant O is not accountable for the other drug sales made by her boyfriend because those sales were not in furtherance of her jointly undertaken criminal activity (*i.e.*, the one delivery).

§ 1B1.3 cmt. illust. (c)(5) (2011) (emphasis in original). To the same effect, § 1B1.3 cmt. illust. (c)(7) (2011) explains that

> Defendant R recruits Defendant S to distribute 500 grams of cocaine. Defendant S knows that Defendant R is the prime figure in a conspiracy involved in importing much larger quantities of cocaine. As long as Defendant S's agreement and conduct is limited to the distribution of the 500 grams, Defendant S is accountable only for that 500 gram amount (under subsection (a)(1)(A)), rather than the much larger quantity imported by Defendant R.

The defendant's conduct here, as proven at trial, is roughly comparable to these examples. The Court recognizes that the quantity of cigarettes that likely were shipped to the defendant was a greater proportion of the whole than the 500 grams and "much larger quantity" described in the latter example. But the evidence does not show that the defendant's awareness of the rest of the scheme was such that its scope was reasonably foreseeable.

The evidence does establish that 28 packages, containing over 35,000 cigarettes, were addressed to the defendant's residence. That, the Court finds, is the extent of the defendant's relevant conduct. If approximately 88,300 cigarettes caused tax losses totaling $15,267.35, then approximately 35,000 cigarettes would presumably cause tax losses totaling approximately $6,051.61. Therefore, the Court's *tentative* finding is that the defendant is responsible for a tax loss of $6,051.61, resulting in a base offense level of 10. *See* §§ 2E4.1(a) and 2T4.1.

4. The defendant argues that she should be considered for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. Filing 218 at 3-4. She points out that "[c]onviction by trial . . . does not automatically

preclude a defendant from consideration for such a reduction." § 3E1.1 cmt. n.2 (2011). She also points to the information she provided to police when she was interviewed, and the defenses she presented (or sought to present) at trial. Filing 218 at 3-4.

But this is not the "rare situation" where the defendant has demonstrated that she is entitled to a reduction for acceptance of responsibility in spite of the fact that she proceeded to trial. The defendant put the government to its proof, and although she was acquitted of some charges, she was convicted of possessing contraband cigarettes despite maintaining throughout the proceedings that she did not. *See United States v. Daniels*, 625 F.3d 529, 534-35 (8th Cir. 2010); *see also, United States v. Contreras*, 372 F.3d 974, 978-79 (8th Cir. 2004); *United States v. Webber*, 39 Fed. Appx. 469, 471 (8th Cir. 2002); *United States v. Sweesy*, 272 F.3d 581, 582 (8th Cir. 2001). Her statement to police does not change that, nor do the defenses she proffered. *See, United States v. Johnston*, 353 F.3d 617, 627 (8th Cir. 2003); *United States v. Dyck*, 334 F.3d 736, 743-44 (8th Cir. 2003). The Court's tentative finding is that the defendant has not clearly demonstrated acceptance of responsibility for her offense.

5. The defendant asserts that she is entitled to a reduction as a minimal or minor participant in the offense, pursuant to U.S.S.G. § 3B1.2. Filing 218 at 4. But to prove her entitlement to such an adjustment, the defendant must prove she is a minor or minimal participant by comparison with other participants *and* by comparison with the offense for which she was held accountable. *United States v. Rodriguez-Ramos*, 663 F.3d 356, 366-67 (8th Cir. 2011). And as explained above, the Court has not held the defendant accountable for the entire amount of loss chargeable to the conspiracy, so the defendant in effect "actually seeks a double reduction to [her] base offense level." *United States v McCarthy*, 97 F.3d 1562, 1574 (8th Cir. 1996). That would be contrary to the Guidelines. *McCarthy*, 97 F.3d at 1574.

When a defendant is part of jointly undertaken criminal activity with others, the Court must determine what the defendant's relevant conduct was in that activity, as the Court has done above. *Id*. That same relevant conduct is used not only in determining the defendant's base offense level, but also for any role in the offense adjustments made pursuant to Chapter 3 of the Guidelines. *McCarthy*, 97 F.3d at 1574. In determining whether or not to grant the defendant a downward

- 4 -

adjustment for being a minor or minimal participant, the Court assesses the defendant's role within the context of that already-defined relevant conduct. *Id.* The Court's tentative finding is that the defendant was not a minor or minimal participant in *that conduct*, i.e., possession of 28 packages, containing over 35,000 cigarettes, delivered to the defendant's residence.

6. The RPSR finds that restitution is due and owing for a total amount of $15,267.35: $5,921.88 to the Nebraska Department of Revenue and $9,345.47 to the federal Alcohol and Tobacco Tax and Trade Bureau. RPSR at ¶¶ 97-99. The defendant objects to being held responsible for the total tax losses attributed to the entire scheme. Filing 218 at 5.

    The Mandatory Victims Restitution Act, 18 U.S.C. § 3663 *et seq.,* requires defendants convicted of "an offense against property under this title" to make restitution to the victims of the offense in the full amount of each victim's loss. 18 U.S.C. §§ 3663A(c)(1)(A)(ii) and 3664(f)(1)(A). The government has the burden to demonstrate the amount of such loss by a preponderance of the evidence. § 3664(e). The statute defines a "victim" as "a person *directly and proximately* harmed as a *result* of the commission of an offense . . . including, in the case of an offense that involves as an element a scheme . . . any person directly harmed by the defendant's criminal conduct in the course of the scheme." § 3663A(a)(2) (emphasis supplied). And when the Court finds that more than one defendant has contributed to the loss of a victim, the Court may make each defendant liable for payment of the full amount of restitution, or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. § 3664(h).

    Based on the reasoning set forth above with respect to the relevant conduct and loss calculation, the Court agrees that the victims' damages were not all directly and proximately caused by the defendant's conduct, and that the defendant's level of contribution to the victims' loss is less than the entire amount. The Court's tentative finding is that the defendant will be liable, along with Teo Van Phan, Hoa Van Huynh, and Kim Nguyen, for a total amount of $6,051.61, payable first to the Nebraska Department of Revenue and then to the Alcohol and Tobacco Tax and Trade Bureau. *See* § 3664(i).

> The defendant also argues that she should be ordered only to make nominal periodic payments, based on her economic circumstances. Filing 218 at 5. The Court will resolve that issue at sentencing.

7. The RPSR contains the probation officer's statement that he has not identified any factors that would warrant a departure from the applicable Sentencing Guidelines range, or any factors under § 3553(a) that may warrant a variance. RPSR at ¶¶ 102-103. The defendant objects to the statement that there are no factors warranting a departure, referring the Court to her previous objections. Filing 218 at 5. The Court notes that the defendant's other objections are directed at the calculation of the applicable Guidelines range, as opposed to a "departure" within the meaning of the Guidelines.[1]

    The defendant also objects that her personal background and characteristics warrant a non-Guidelines sentence pursuant to § 3553(a). Filing 218 at 5-6. The Court will, of course, weigh the § 3553(a) factors. But the Court does not consider an argument presented in the context of an objection to the RPSR to be an adequate substitute for a properly filed motion for variance, and will not construe the defendant's objection to be such a motion.

8. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the RPSR is correct in all respects.

9. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than five (5) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings,

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

10. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the RPSR may be relied upon by the Court without more.

11. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of January, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge