IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3059 |
| vs. | ORDER ON RULE 29(C) AND RULE 33 MOTIONS |
| TANG (JANNY) NGUYEN, | |
| Defendant. | |

The defendant has filed two post-verdict motions: a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), and a motion for new trial pursuant to Fed. R. Crim. P. 33. (Filing 186) For the reasons explained below, the Court will deny both motions.

RULE 29(C) MOTION

On a motion for post-verdict acquittal, the Court views the evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict. *United States v. Scofield*, 433 F.3d 580, 584-85 (8th Cir. 2006). The Court will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt. *Id.*

The defendant was convicted of possessing contraband cigarettes, which required evidence that the defendant shipped, transported, received, possessed, sold, distributed, or purchased more than 10,000 cigarettes; that those cigarettes bore no evidence of the payment of applicable State or local cigarette taxes in the State or locality where they were found; that the defendant did so knowingly; and that the defendant did so on or about March 22, 2012. *See*, filing 159 at 21; 18 U.S.C. 2342(a). The defendant argues that the evidence was insufficient in two ways. First, the defendant suggests briefly that there is no evidence the defendant knew that the cigarettes were taxable. Filing 186-1 at 9. Second, the defendant contends the evidence is insufficient to prove the defendant knowingly possessed the cigarettes. Filing 186-1 at 9-10.

DEFENDANT'S KNOWLEDGE THAT POSSESSION WAS UNLAWFUL

The defendant's first argument harkens back to the defendant's contention, in the context of jury instructions, that the government was required to prove the defendant knew her possession to be unlawful. *See, e.g.,* filings 142 and 148. But in the absence of statutory language or legislative history to the contrary, Congress' use of the word "knowingly" in a criminal statute aimed at regulating dangerous objects does not itself abrogate the ancient maxim that ignorance of the law is no excuse. *United States v. Udofot*, 711 F.2d 831, 835-36 (8th Cir. 1983). An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts were unlawful. *United States v. Dockter*, 58 F.3d 1284, 1288 (8th Cir. 1995).

There are limited exceptions to that principle. For instance, in *Liparota v. United States*, 471 U.S. 419, 420 (1985), the Supreme Court read a specific intent requirement into the crime of food stamp fraud, which punishes "whoever knowingly uses, transfers, acquires, alters, or possesses coupons or authorization cards in any manner not authorized by [the statute] or the regulations." The Court rejected the government's argument that the statute contained no *mens rea* requirement, and read the statute to require a showing that the defendant knew his conduct to be unauthorized by statute or regulations. *Id.* at 425.

The Court analogized the statute to the crime of receiving stolen goods, to which it is a defense that the defendant did not know the goods to be stolen. *Id.* at 425 n.9. And, the Court reasoned, to interpret the statute otherwise would be "to criminalize a broad range of apparently innocent conduct." *Id.* at 426. The Court also explained that "requiring *mens rea* is in keeping with our longstanding recognition of the principle that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Id.* at 427. But the Court distinguished the statute from other laws that "rendered criminal a type of conduct that a reasonable person should know is subject to stringent public regulation[.]" *Id.* at 433.

Relying on a similar distinction, the Sixth Circuit has held that *Liparota* is inapposite to the specific statute at issue in this case. *United States v. Elshenawy*, 801 F.2d 856 (6th Cir. 1986). The court noted that the statutory language defined the offense solely with reference to the absence of indicia of state tax payment and location in a state requiring such indicia. *Id.* at 858. And the Sixth Circuit relied on other Supreme Court precedents that, in other contexts, rejected claims that "knowingly" possessing contraband required specific intent. *Id.* at 858-59 (citing *United States v. Int'l Minerals and Chems. Corp.* 402 U.S. 558 (1971); *United States v. Freed*, 401 U.S. 601

(1971); *United States v. Dotterweich*, 320 U.S. 277 (1943)). Those cases, the Sixth Circuit explained,

> dealt with possession of heavily regulated articles—firearms, corrosive liquids, and drugs. In each case, the government was required to show that the defendant knew the physical nature of what he possessed, but not that he knew that possession was regulated or prohibited. However, in *Liparota,* which dealt with possession of food stamps, the government was required to prove both that the defendant knew the physical nature of what he possessed and that he knew that the possession was "not authorized." We conclude that possession of larger quantities of cigarettes is much more nearly analogous to possession of other heavily regulated articles such as firearms, corrosive liquids, and drugs than it is to possession of food stamps.

*Elshenawy*, 801 F.2d at 858; *see also, United States v. Wilbur*, 674 F.3d 1160, 1179 (9th Cir. 2012); *United States v. Baker*, 63 F.3d 1478, 1491-93 (9th Cir. 1995). The Court finds the reasoning of those cases persuasive, and likewise concludes that the government was not required to prove, in this case, the defendant's specific intent to violate the law.

### EVIDENCE OF DEFENDANT'S KNOWING POSSESSION

The defendant's second argument is that the evidence did not prove she knowingly possessed the cigarettes. She contends that there is no evidence that she signed for the cigarette packages or knew what the packages contained. Filing 186-1 at 9-10.

But the defendant's sister, Kim Nguyen, testified that the defendant agreed to permit cigarettes to be sent to her address. Filing 161 at 18. Kim said that the defendant knew from the beginning what was in the packages. Filing 161 at 20. And Marlan Hohnstein, the State investigator who interviewed the defendant, testified that the defendant admitted knowing that the packages sent to her address contained cigarettes. Filing 230 at 11. She also admitted signing for some of the packages and leaving them at the residence for Kim to pick up. Filing 230 at 13-14. That evidence may not show that the defendant was aware of, or participating in, the broader conspiracy—but it is certainly sufficient to support the jury's determination that the defendant knowingly possessed contraband cigarettes.

Therefore, the Court will deny the defendant's Rule 29(c) motion.

## RULE 33 MOTION

Upon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. Rule 33(a). A motion for new trial is committed to the Court's discretion, and while the Court may weigh the evidence and disbelieve witnesses, the verdict must be allowed to stand unless the Court ultimately determines that a miscarriage of justice will occur. *United States v. Maybee*, 687 F.3d 1026, 1032 (8th Cir. 2012). Where a defendant moves for a new trial on the grounds that the verdict is contrary to the weight of the evidence, the Court should grant the motion only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. *United States v. McCraney*, 612 F.3d 1057, 1064 (8th Cir. 2010); *United States v. Bordeaux*, 570 F.3d 1041, 1048-49 (8th Cir. 2009). The Court must exercise its Rule 33 authority sparingly and with caution, *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009), and should grant the motion only if the verdict is "against the great weight of the evidence." *McCraney*, 612 F.3d at 1064.

The sole basis for the defendant's Rule 33 motion is that she was entitled to an instruction on a defense of "fleeting" or "transitory" possession, and that the evidence proved such a defense. But the only circuit court to adopt such a defense is the D.C. Circuit in *United States v. Mason*, 233 F.3d 619 (D.C. Cir. 2001). That case arose in the context of a felon possessing a firearm. The D.C. Circuit explained:

> There are two general requirements that must be satisfied in order for a defendant to successfully invoke the innocent possession defense. The record must reveal that (1) the firearm was attained innocently and held with no illicit purpose and (2) possession of the firearm was transitory—*i.e.*, in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. In particular, "a defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct." When these requirements are met, possession is "excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement."

*Id.* at 624 (citations omitted). The *Mason* court also identified two hypothetical circumstances to flesh out the scope of the defense:

- 4 -

> For example, suppose there was undisputed and credible evidence that a defendant left his truck locked to make a delivery and, upon returning, found that the truck had been broken into and a gun left on the driver's seat. Suppose further that, surprised by his discovery, the defendant picks up the gun, removes the ammunition, and then immediately calls "911" to seek police assistance. When the police arrive, the defendant is found holding the gun and ammunition, which he turns over to the officers. Surely, with such a record, a judgment of acquittal would be in order.
>
> On the other hand, suppose that, upon finding the firearm, the hypothetical defendant promptly hides the gun and ammunition in his truck. Assume further that the defendant finishes his deliveries and says nothing to anyone about the gun or ammunition. Then, at the end of his work day, the defendant puts the gun and ammunition in his jacket pocket and takes them to his home, purportedly to consider what to do with them. The gun and ammunition remain in the defendant's possession overnight. The firearm is accidentally discovered the next day when a police officer sees the gun fall out of the defendant's jacket pocket. In such a case, there would be no plausible innocent possession defense, because the defendant could not show transitory possession. In other words, there would be no basis whatsoever to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. In such a case, a trial judge should reject a request for an innocent possession instruction.

*Id.*

Even that limited explanation of the defense has been rejected by other circuits. The Ninth Circuit has explained that the defense is unsupported by the felon-in-possession statute, in part because Congress included a *mens rea* requirement in the statute—"knowingly"—that expressly negates such a defense. *United States v. Johnson*, 459 F.3d 990, 996 (9th Cir. 2006). The Ninth Circuit found that the defense was not only absent from, but contradicted by, the statutory text, and that similar arguments proposing a fleeting possession defense had been rejected by the First, Fourth, Sixth, Seventh, and Eleventh Circuits. *Id.* at 998 (collecting cases).

The Tenth Circuit, in declining to decide whether such an instruction was ever appropriate, relied on its limited scope. *United States v. Moran*, 503 F.3d 1135 (10th Cir. 2007). The Tenth Circuit explained that "[a] 'court need

only give a fleeting possession instruction when the evidence at trial supports a possible finding that the defendant only momentarily possessed the [firearm], and in so doing, lacked either knowledge he possessed [the firearm] or criminal intent to possess it.'" *Id.* at 1147 (citing *United States v. Adkins*, 196 F.3d 1112, 1115 (10th Cir.1999)).

The *Moran* court also observed that the instructions given in that case (like the instructions given in this case) permitted the defendant to argue that he only possessed the contraband ignorantly or accidentally. "The court instructed the jury that an act is done 'knowingly' if 'the act was done voluntarily and intentionally, not because of mistake or accident.' As a whole, therefore, the jury instructions adequately informed the jury of the governing law and [the defendant's] theory of defense." *Id.*

In *Adkins*, 196 F.3d at 1115, relied upon by the defendant, the Tenth Circuit also explained that a felon would still be in "possession" of a firearm "even if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for his holding the firearm." The government would only fail to prove intent if "a felon who momentarily possessed a firearm genuinely lacked knowledge that he possessed a firearm or had a legally justifiable reason for possessing it." *Id.* In that case, the Court found that a fleeting possession instruction was unwarranted by the evidence because

> [e]ven if the jury believed [the defendant] merely temporarily held the rifle as he carried it from [a] hardware store to [a companion's] vehicle, there was no evidence suggesting [the defendant] either did not know the item he carried was a firearm or had some legal justification, negating criminal intent, to carry it.

*Id.*

The Eighth Circuit has also declined to rule on the viability of the defense, finding in each case that an instruction would have been unwarranted by the evidence. *See*, *United States v. Wright*, 682 F.3d 1088 (8th Cir. 2012); *United States v. Montgomery*, 444 F.3d 1023 (8th Cir. 2006). In *Wright*, the Court explained that the instruction would have been unwarranted because the defendant failed to rid himself of the firearm as soon as reasonably possible after learning of its presence—in that case, for instance, by immediately exiting the car in which the firearm was found. *Id.* at 1090-91. And in *Montgomery*, the Eighth Circuit hewed back to the original justification for the defense set forth by the D.C. Circuit in *Mason*,

- 6 -

explaining that the defendant in that case was not eligible for an innocent or transitory possession defense because the evidence showed that the defendant "neither acquired the firearms innocently *nor intended to turn them over to law enforcement*." *Montgomery,* 444 F.3d at 1026 (emphasis supplied).

The jury in this case was instructed that the defendant should only be convicted if she knowingly possessed contraband and that an act "is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident." Filing 159 at 21. That instruction correctly stated the law and was warranted by the evidence. Even if an instruction on a fleeting possession defense would have been a correct statement of the law, it was unwarranted by the evidence in the present case: there was no evidence that the defendant immediately divested herself of the contraband once she became aware of her possession of it, nor was there evidence that the defendant intended to turn it over to law enforcement. *See, Wright,* 682 F.3d at 1090-91; *Montgomery,* 444 F.3d at 1026. The defendant's Rule 33 motion lacks merit and will be denied.

IT IS ORDERED:

1. That Defendant Tang (Janny) Nguyen's Post-Trial Motions (filing 185), having been replaced by an amended filing, are denied as moot; and

2. That the amended Defendant Tang (Janny) Nguyen's Post-Trial Motions (filing 186), containing her Rule 29(c) and Rule 33 motions, are denied.

Dated this 19th day of February, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge